UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80119-Cr-RYSKAMP/HOPKINS

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DAVID DAVIS,

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS (DE 21)

THIS CAUSE is before the Court on an order of reference from United States District Court Judge Kenneth Ryskamp for disposition of all pretrial criminal motions. (DE 9). Before the Court is Defendant's Motion to Suppress Evidence and Statements (DE 21), filed on November 25, 2008. The Government filed a written response to this motion on December 9, 2008. (DE 28). After the Defendant's Motion to Continue the Hearing was granted, this Court held an evidentiary hearing on Defendant's motion on December 16, 2008. (DEs 25, 26, 31)  These matters are now ripe for review.

BACKGROUND and FINDINGS OF FACT

Detective Lori Colombino of the West Palm Beach Police Department testified at the suppression hearing. On September 18, 2007, Detective Colombino was called to 429 Executive Drive, #211, West Palm Beach, Florida where West Palm Beach Police Department Officer Brian Mahoney had just taken a report of child pornography from Susan Kindig. Susan Kindig, with her family, including her three minor male children, was living at the three bedroom residence with Defendant David Davis. Susan Kindig explained to the officers that earlier that day she had located child pornography on a computer belonging to Davis.

Davis was out of town and had earlier that day telephoned asking Kindig to do him a favor by retrieving some money he had left in his bedroom and to deposit it into his bank account. Susan Kindig entered his room to retrieve the money and while there noticed an icon on the screen of Davis' computer with her name. Susan Kindig clicked on the icon and a pornographic image of an uncircumcised male penis appeared on the computer screen. Upon seeing the image, and reading the caption of the image "[minor male son's name] is in a deep sleep", Susan Kindig believed the image was of one of her minor sons. While on the computer, Susan Kindig observed another pornographic image of a male penis which she believed was of one of her other sons. Susan Kindig recognized the boxer shorts in both

images as those belonging to her sons.  Susan Kindig also observed a picture of an unknown 5-7 year old male engaging in oral sex with an adult male.  Susan Kindig showed the pornographic images to the officers.  Also present in Defendant Davis' room in plain view were various replicas of penises.

On this same day, based upon statements provided by Kindig, Detective Colombino obtained a state search warrant and seized the computer located in Davis' room.  Upon the Defendant's return to West Palm Beach, Florida, he was arrested and subsequently interviewed by Detective Colombino. During the interview, Davis admitted to having taken one photographic image of Kindig's minor son's genitals with the camera on his cellular telephone.  Davis also admitted to having pornographic images of a child under 18 years old on his computer which he had downloaded from the internet.

Pursuant to another search warrant, law enforcement conducted a forensic examination of Davis' cell phones and found additional child pornography.

## The Motion to Suppress

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment proscribes only governmental action-it is "wholly inapplicable 'to a search or seizure, even an unreasonable one,

effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any government official.' " *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) (quoting *Walter v. United States*, 447 U.S. 649, 662, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980) (Blackmun, J., dissenting)).  The defendant challenges the law enforcement search contending that even if the initial search did not implicate the Fourth Amendment, the subsequent law enforcement search was a violation of the defendant's Fourth Amendment rights.  The Defendant acknowledges that Eleventh Circuit case law does not support his position.  *See United States v. Ford*, 765 F.2d 1088 (11th Cir. 1985).

In *Ford*, where a drug dog was brought into the defendant's bedroom which his brother had previously broken into and found cocaine, the Eleventh Circuit approved the law enforcement search.  *Id.*

In *United States v. Allen*, 106 F.3d 695, 699 (6th Cir. 1997), the Sixth Circuit said that a subsequent law enforcement search could implicate the Fourth Amendment if the defendant still retained a legitimate expectation of privacy in a privately searched residence, but nonetheless held that the defendant's legitimate expectation of privacy had been extinguished when the motel owner locked him out of his room for keeping narcotics there and for non-payment of rent. *Allen* at

4

699.

In *United States v. Paige*, 136 F.3d 1012, 1020-21 (5th Cir. 1998), the Fifth Circuit held that where private persons had discovered marijuana in an attic over a garage they had been granted access to, a subsequent law enforcement search did not activate the Fourth Amendment.  The Fifth Circuit reasoned that the owner of attic had lost any reasonable expectation of privacy in the attic by permitting access to the garage which under the circumstances created a reasonably foreseeable risk of intrusion into the garage's attic. *Id.*

The instant law enforcement search, as the Defendant has acknowledged, certainly would fall within the parameters of permissible searches as determined by the Eleventh Circuit in *Ford*.  It would also survive the more restrictive scrutiny of the Sixth and Fifth Circuits, which in *Allen* and *Paige* analyzed whether any legitimate expectation of privacy remained after the private search.  As in *Paige*, once the Defendant granted Susan Kindig access to his bedroom, it was reasonably foreseeable that she would be curious about the icon on the computer with her name on it and inspect the computer.  The Defendant's conduct and the circumstances extinguished any legitimate expectation of privacy that the Defendant had in the computer.

The Government also argued that the pornographic images on the computer

5

would have been inevitably discovered even if the law enforcement search was in violation of the Fourth Amendment. In essence they argue that the police would inevitably have obtained a valid search warrant even if the initial warrantless police search had not occurred. In order for a later search pursuant to a warrant to be deemed "genuinely independent" of a prior illegal entry, the government must demonstrate two things: (1) that the police would still have sought a warrant in the absence of the illegal search; and (2) that the judge would still have issued the warrant had the supporting affidavit not contained information stemming from the illegal search. *Murray v. United States*, 487 U.S. 533, 542, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988).

Since it is apparent from the circumstances leading up to the initial warrantless police search that the police would invariably have sought a warrant, and that the judge would still have issued the warrant without the single sentence in the search warrant affidavit (GX 3) reflecting that the initial officer had also viewed the incriminating material, the evidence from the searches should not be suppressed. *Id.*

Any of the foregoing conclusions of law which may represent findings of fact are adopted as findings of fact.

## RECOMMENDATIONS

For the reasons stated above, this Court RECOMMENDS to the District Court that Defendant's Motion to Suppress Evidence and Statements (DE 21) be DENIED.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Senior United States District Judge Kenneth L. Ryskamp, within ten (10) days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(C).  Failure to file timely objections may limit the scope of appellate review of factual findings contained herein.  See *United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 31 day of December, 2008.

_James M. Hopkins_
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Senior United States District Judge Kenneth L. Ryskamp
Counsel of record